UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELBERT L. HATCHETT, et al.,

                Plaintiffs,

v.

UNITED STATES OF AMERICA,

                Defendant.

_____/

CIVIL ACTION NO. 94-74708

DISTRICT JUDGE DENISE PAGE HOOD

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:

I recommend that Plaintiffs' Motion for Partial Judgment on the Pleadings be denied.

**II.**    **REPORT**:

**A.**    **Factual and Procedural History**

Plaintiffs have adopted a portion of the factual history of this case contained in the decision of the United States Court of Appeals for the Sixth Circuit in Hatchett v. United States, 330 F.3d 875 (6th Cir. 2003).  For the court's convenience, the adopted portion of that summary is reproduced below.

"The Internal Revenue Service ("IRS") made an assessment on October 24, 1994 that Hatchett owed more than $6.6 million in federal income taxes and penalties for the tax years 1975 to 1991.  As of March 25, 1998, Elbert's tax liabilities totaled more than $8.6 million.

In an attempt to collect the delinquent taxes, the IRS levied against four parcels of real estate owned by the Hatchetts and one series of mortgage payments owed to the Hatchetts on a fifth parcel pursuant to 26 U.S.C. §6331 (2002).  The Hatchetts received a Tax Levy, dated October 24, 1994, and four Notices of Seizure, dated October 25, 1994.  Two of the properties are owned jointly by the Hatchetts as tenants by the entirety: (1) their primary

1

residence ("West Hickory"); and (2) a property operated as a car wash ("South Saginaw"). Two properties are held individually by Laurestine: (1) a property occupied by Elbert's mother ("Franklin Boulevard"); and (2) a property in Bloomfield Township. The IRS scheduled a public auction to sell the real properties on November 30, 1994.

On January 24, 1995, the IRS levied mortgage payments due to the Hatchetts from a property previously owned by the Hatchetts and used for horse breeding and entertaining clients ("Cyclone"). The Cyclone property was sold to a husband and wife, Ernest and Hermetha Blythe Ann Jarrett, in 1991. The Hatchetts took back a mortgage of $80,000 on the Cyclone property, to be paid in semiannual installments of $6,000 on interest and principal, beginning February 19, 1992 and continuing until August 19, 2001. At the time the IRS issued the four levies in 1994, the Hatchetts held title to the West Hickory and South Saginaw properties as tenants by the entirety. Laurestine has held individual title to the Franklin Boulevard property since 1994, but it was held by the Hatchetts as tenants by the entirety when the federal tax lien first attached in 1978. The Hatchetts held the Cyclone property as tenants by the entirety until it was conveyed by warranty deed to the Jarretts on August 19, 1991.

On November 21, 1994, the Hatchetts commenced a wrongful levy action in the district court pursuant to 26 U.S.C. §7426 (2002) to enjoin the tax sale of the four parcels of real estate and the seizure of the mortgage payments due. The district court entered two stipulated orders, on December 7, 1994 and June 23, 1995, enjoining the IRS from conducting the public auction or levying on the pending mortgage payments until the propriety of the levies was determined. On June 25, 1996, Magistrate Judge Donald A. Scheer issued two orders, consistent with his bench rulings: (1) an order granting the Hatchetts' Petition to Quash the United States' request for a number of documents from 1972 to the present; and (2) an order granting the United States' motion to amend its answer to the Hatchetts' complaint and assert fraudulent conveyance as an affirmative defense. The district court issued a Memorandum Opinion and Order on February 28, 1997, reversing the two orders of the magistrate judge.

On March 31, 2000, the district court entered a judgment deciding the cross-motions for summary judgment filed by the Hatchetts and the United States. The court granted the Hatchetts' summary judgment motion and denied the United States' motion with respect to the West Hickory, Franklin Boulevard, South Saginaw and Cyclone properties; the court granted the United States' summary judgment motion and denied the Hatchetts' motion with respect to the Bloomfield Township property."

Hatchett v. United States, 330 F.3d 875, 878-880 (6th Cir. 2003).

The case is now before this court on remand for proceedings consistent with the June 4, 2003 Court of Appeals' decision. Plaintiffs have filed a Motion for Partial Judgment on the Pleadings, pursuant to Fed.R.Civ.P. 12(c). The motion advances four separate propositions: 1) plaintiffs' principal residence is not subject to levy under 26 U.S.C. §6334; 2) defendant's lien tracing theory is without legal support and fails to state a valid claim; 3) defendant's fraudulent enhancement theory fails to state a valid claim; and 4) defendant may not levy on the entireties property itself, but only upon Elbert Hatchett's interest in the entireties property.

Plaintiffs' motion was referred to the magistrate judge on April 24, 2005, for a report and recommendation. The parties appeared for hearing on June 8, 2005.

### B.   Applicable Law and Standard of Review

Fed.R.Civ.P. 12(c) provides, in pertinent part, that "[a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard of review applicable to a Motion for Judgment on the Pleadings under Rule 12(c) is the same as that for a Motion to Dismiss under Rule 12(b)(6). Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 511-12 (6th Cir. 2001). "All well pleaded material allegations of the non-moving party's pleadings are taken as true and allegations of the moving party that have been denied are taken as false." Southern Ohio Bank v. Merrill Lynch Pierce Fenner and Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973). The motion should be granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. United States v. Moriarty, 8 F.3d 329, 332 (6th Cir. 1993).

C.    **Analysis**

    1.    **Plaintiff's Principal Residence is not Subject to Levy Under 26 U.S.C. §6334**

Plaintiffs' counsel withdrew this argument at the June 8, 2005 hearing.  Plaintiffs conceded the validity of the government's position, and their Motion for Judgment on the Pleadings should be denied on this issue.

    2.    **Defendant's Lien Tracing Theory is Without Legal Support and Fails to State a Valid Claim**

This argument is directed to the Third Defense asserted by defendant in the Second Amended Answer of the United States to Verified First Amended Complaint for Injunctive Relief, which was filed on October 13, 2004, following the remand.  Plaintiffs argue that there is no legal support for the proposition that "outstanding federal tax liens against Elbert Hatchett attach by operation of law to funds used by him to purchase and/or improve levied properties, and trace to the levied properties for those improvements made after the federal tax liens arose upon assessment.  Plaintiffs further argue that the burden of accounting for monies earned and expended by a taxpayer would be too onerous.  They cite In Re: Meyer, 244 F.3d 352 (4th Cir. 2001).  They maintain that, under Michigan law, there can be no lien on cash absent possession, and further that the reduction of pre-existing debt is fair consideration which precludes tracing.

In response, the government observes that this court's March 31, 2000 Order granting summary judgment for the Hatchetts on its lien tracing claim was reversed and remanded by the Court of Appeals.  In light of the Supreme Court decision in United States v. Craft, 535 U.S. 274 (2002), the Sixth Circuit decided that "the government is entitled to

present its lien tracing theories on remand" in order to determine the exact value of the government's interest in plaintiffs' entireties property.  Hatchett, 330 F.3d at 888.  The defendant maintains that the Sixth Circuit's opinion is the law of the case.  On remand, a trial court must proceed in accordance with the mandate and law of the case on identical issues as established by the appellate court.  See, United States Steel Corp. v. Holley, 479 F.2d 489, 494 (6th Cir. 1973); citing ex parte Sibbald v. United States, 12 Pet. 488, 492, 9 L.Ed. 1167, 1169 (1838).  The Sixth Circuit has determined that the government's theory is relevant, and has remanded the matter to this court for further proceedings in accordance with that opinion.  I am satisfied that the plaintiffs' motion on this issue should be denied.

I find that the motion should be denied as to the lien tracing theory on substantive grounds as well.  While state law determines the nature of the legal interest which a taxpayer has in property, whether or not that interest is sufficient to constitute "property" or "rights to property" under 26 U.S.C. §6321 is a matter of federal law.  United States v. Craft, 535 U.S. 274, 278 (2002).  The government observes that 26 U.S.C. §6323(h)(4) defines "security" as including money.  Section 6323(b)(1) provides that a federal tax lien attaches to securities upon the filing of proper notice by the Secretary.  While the same section provides that a lien will not be valid with respect to a security as against a purchaser without notice of the lien, the government cites other case law for the proposition that "the lien follows any property substituted for what the taxpayer owned, provided the chain of substitution can be traced."  Municipal Trust and Savings Bank v. United States, 114 F.3d 99, 101 (7th Cir. 1997), citing Sheppard v. Taylor, 30 U.S. (5 Pet.) 675, 710

(1931), and Phelps v. United States, 421 U.S. 330, 334-35 (1975).  "Anything else would make it too easy to evade taxes (or liens)."  Id.

It is important to note that the Supreme Court decision in United States v. Craft, 535 U.S. 274 (2002), while confirming that the federal statute authorizing tax liens was meant to reach every interest in property that a taxpayer might have, left unanswered the question of proper valuation of a taxpayer spouse's interest in entireties property.  The government claims in this case that Laurestine Hatchett's interest in the levied property is also subject to its lien by reason of Elbert's payment of 100% of the costs of acquisition and other ownership expenses.  Craft left that question for decision in the lower courts, and it is starkly presented in this case.  The court should not foreclose the question at this juncture.  Determination of the "exact value of the Government's interest" was the express purpose of the Court of Appeal's remand order.  Hatchett, 330 F.3d 875, 888 (2002).

In my view, the government has presented in its Third Defense, and supported in its brief and argument on the instant motion, a plausible proposition that its lien upon funds expended by Mr. Hatchett to obtain, increase and protect equity in properties held with his wife in tenancy by the entireties is traceable to those properties to the extent of his payments.  While case law on that precise point is scarce, the decision of the United States District Court for the District of Massachusetts in Associates Financial Services of America, Inc. v. Lawson, 2004 WL 1614874 (D. Mass.), appears to squarely support the government's position.  Plaintiffs have cited the Fourth Circuit's premonition of "almost unimaginable consequences" from failure to safeguard payments by an insolvent spouse on a pre-existing mortgage debt from the claims of creditors.  See Meyer, 244 F.3d 352 (4th Cir. 2001).  At the same time, they acknowledge the contrary position taken by this court

6

in In Re Harbin, 2005 WL 273227 (E.D. Mich 2005).  Harbin is based on Michigan law, and

is far more consistent with the Supreme Court's declaration in United States v. Craft that

the federal tax lien statute was intended by Congress "to reach every interest in property

that a taxpayer may have."  535 U.S. 274, 283 (2002).  This court should not forclose

litigation of this issue.   Accordingly, I recommend that plaintiff's motion be denied  on this

issue.

### 3.      Defendant's Fraudulent Enhancement Theory Fails to State a Valid Claim

Plaintiffs argue that the defendant's fraudulent enhancement claim, as contained in

the Fourth Defense in the Second Amended Answer also fails to state a claim.  Hatchetts

argue that the rationale underlying the defense, i.e. that a person cannot build up entireties

property to shield his assets from his individual creditors, is inapplicable in this case

because: a) a tax lien attaches to a taxpayer's interest in entireties property, and b)

Michigan law in effect at the time of the tax levy in this case provided a defense based on

satisfaction of an antecedent debt.  Citing Old Kent Bank v. Royce, 264 Mich. 242 (1933),

plaintiffs argue that Michigan law in effect at the time of Mr. Hatchett's payments permitted

transfer of property to a particular creditor, although it constituted a preference favoring one

creditor over another.

In response, the government observes that the Sixth Circuit reversed this court's

refusal to allow it to amend its pleading to assert a fraudulent conveyance defense.

Defendant argues that a "fraudulent conveyance" is simply a species of fraudulent transfer

claims, and that the appellate decision constitutes the law of the case and requires denial

of plaintiffs' motion as to that issue.

7

The government also advances substantive arguments.  Defendant maintains that plaintiffs' reliance on Old Kent Bank is misplaced, and cites the more recent Sixth Circuit opinion in Craft v. United States, 140 F.3d 638 (6th Cir. 1988), that:

> [u]nder Michigan law, one spouse cannot use the doctrine of tenancy by the entireties to defeat the rights of a judgment creditor.  See, McCaslin v. Schouten, 294 Mich App. 180, 292 N.W. 696, 698 (1940); Morris v. Wolfe, 48 Mich App. 40, 210 N.W. 2nd 16, 17 (1973).  Such a fraudulent transfer can be set aside.  See Mich Comp. Laws Section 566.19(1).

140 F.3d at 644.  The government further cites Michigan case law for the proposition that "during insolvency, entireties estates cannot be created or enhanced at the expense of creditors and that relief may be granted without reference to any actual intent." Glazer v. Beer, 343 Mich. 495, 498, 72 N.W. 2nd 141, 142 (1955) (emphasis added).  The government argues that, "[w]here a debtor places funds or property in an entireties estate while insolvent (or where the transfer of such funds would render debtor insolvent), he has committed a fraud upon his creditors and the property may be attached and sold to satisfy liens against the property, to the extent of the fraudulently transferred funds." Morris v. Wolfe, 210 N.W. 2nd 16, 48 Mich. App. 40 (1973).  The government also cites McCaslin and Glazer in support of its assertion that a debtor who uses individual funds to pay a mortgage debt on entireties property in an effort to place his individual property beyond the reach of his creditors commits a fraud in law, and that Michigan courts will afford the creditor a lien on the entireties property to the extent of the enhancement.  As stated above, the extent (valuation) of the government's lien rights in plaintiffs' entireties property is the central issue in this case, and one which the Sixth Circuit has determined should be litigated in this court.  I am satisfied that the defendant has offered a legally viable theory of defense, and that

8

plaintiffs are not entitled to partial summary judgment with respect to the United States' claim of fraudulent enhancement.

### 4.   Defendant Can Not Levy Upon Entireties Property Itself, But Only Upon Elbert Hatchett's Interest in the Entireties Property

Plaintiffs' final argument is closely related to the preceding issues.  They challenge the government's First Defense, which asserts that its tax levies are not wrongful to the extent that the outstanding federal tax liens against Elbert Hatchett attached to the levied properties.  Plaintiffs maintain that such a theory is inconsistent with Supreme Court authority, and that the defendant's lien attaches only to Mr. Hatchett's interest in entireties property, rather than the entireties property itself.  See, United States v. Rodgers, 461 U.S. 677, 694-96 (1983); Mansfield v. Excelsior Refining Co., 135 U.S. 326, 339-41 (1890).

In response, the government argues that 26 U.S.C. §6335(c) permits the government to sell, administratively, property that belongs to the taxpayer, as well as property on which there is a lien.  Based upon that provision, the government posits that a levy is not wrongful to the extent that an outstanding federal tax lien against Mr. Hatchett had already attached to Mrs. Hatchett's legal interest in any property under seizure.  The defense concedes that the IRS lacks the administrative power to sell a seized property free and clear of the interests of all third parties, and that a third party's interest in a seized property that is not subject to lien cannot be sold administratively, but only by judicial order.

I find no insufficiency in defendant's First Defense.  26 U.S.C. §6335(c) does allow the government to sell administratively property that belongs to a recalcitrant taxpayer "by levy upon all property and rights to property (except such property as is exempt under Section 6334) belonging to such person or on which there is a lien provided in this chapter

9

for the payment of such tax." 26 U.S.C. §6331(a).  As stated in defendant's brief, it is the government's position that the entireties property at issue in this case: a) belonged to Elbert Hatchett (and is thus subject to tax lien) because his acquisition and/or enhancement of the property was fraudulent under applicable law; or b) was acquired or enhanced by Mr. Hatchett with monies subject to a tax lien and is itself subject to the lien under the "lien tracing" authority discussed in section 2, above.  To the extent that defendant's fraudulent enhancement and/or lien tracing claims are viable, its First Defense is also viable.  I am, therefore, persuaded that Plaintiffs' Motion for Partial Summary Judgment on the Pleadings must be denied as to this issue.

### D.   **Conclusion**

For all the above reasons, I recommend that Plaintiffs' Motion for Partial Judgment on the Pleadings be denied in its entirety.

### III.   **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

10

1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: June 10, 2005

_____

### CERTIFICATE OF SERVICE

I hereby certify on June 10, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 10, 2005.  **Robert N. Bassel.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217

11